ORIGINAL

Osiris C. Terry
1515 Ward ave apt 1503
Honolulu, HI 96822
Telephone: (808) 364-9225
Email: osiris.terry@yahoo.com

Self-representation of the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

OSIRIS TERRY,

        Plaintiff,

vs.

Shawn Tabar,

        Defendant.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUL 23 2024
at 2 o'clock and 45 min P M
Lucy H. Carrillo, Clerk

CV24 00309 JAO KJM

PLAINTIFF OF THE FEDERAL
BUREAU OF PRISON'S
COMPLAINT; CERTIFICATE OF
SERVICE: Exhibit 1-4

## PLAINTIFF OF THE FEDERAL BUREAU OF PRISON'S COMPLAINT

Now comes the Plaintiff of the Federal Bureau of Prisons (hereinafter

"Defendant"), by and through self-representation, Osiris C. Terry, pursuant to

Local Rules 11, 16.4 (b(4) (6)(7), of the Federal Rules of Civil Procedure, and

hereby submits its Complaint to the Defendant.

Defendant: Shawn Tabar Lieutenant
Address: 351 Elliott St, Honolulu, HI 96819
Phone: 808-838-4507
Email: stabar@bop.gov
Federal Official: Bivens claim
The Civil Rights Act of 1967 14th Amendment

## III. Statement of Claim

The issue that has been accepted for investigation is the plaintiff's allegation that he was unlawfully discriminated against on the bases of race (African American/Native American), sex (male), and reprisal. The Plaintiff alleges that he was discriminated against in relation to the following: Sometime around January 25, 2018, he alleges that he became aware that he was not selected for the position of Correctional Officer, vacancy announcement number BOP-N-2017-0012.

Sometime around January 25, 2018, he alleges that he became aware that he was not selected for the position of Correctional Officer, vacancy announcement number BOP-N2016-0010. Sometime around January 25, 2018, he alleges that he became aware that he was not selected for the position of Correctional Officer (Senior Officer), vacancy announcement number CRW-2017-0019. Sometime around January 25, 2018, he alleges that he became aware that he was not selected for the position of Correctional Officer (Senior Officer), vacancy announcement number SEA-2016-0028. Sometime around January 25, 2018, he alleges that he became aware that he was not selected for the position of Correctional Officer (Senior Officer), vacancy announcement number BAS-2017-0006. Sometime around January 31, 2018, he alleges that he became aware that he was not selected for the position of Correctional Officer (Senior Officer), vacancy announcement number BAS-2017-0017.

The Defendant was asked; what role did you have in the selection process for these positions? Please explain.

I answered a telephone call from a Captain from another institution who had called to inquire about Officer Osiris Terry. He had called for Captain Dixon. Captain Dixon was not in because it was too early in the morning. I took a message and relayed it to Captain Dixon. I don't recall the Captain's name, the institution he called from and did not give a voucher.

Specifically, I was the Morning Watch Lieutenant, at FDC Honolulu. On one occasion I had a brief telephone conversation with a Captain, from one of the institutions when he applied for who had called the institution in regards to Officer Terry. I don't recall the name of the Captain or the name of the institution. I was assigned to morning watch on that particular day which is from 10:00 pm to 6:00 a.m. pacific standard time. The caller had requested to speak the Captain here at FDC Honolulu. I advised him that because of the time difference that Captain Dixon, was not in because it was too early and that he would be in later that day. The Captain, said that he would call Captain Dixon later. I informed Captain Dixon, prior to going home that day at the end of my shift.

The Defendant was asked, what Department was the Correctional Officer position (Senior Officer), vacancy announcement number BAS-2017-0017, located at the Federal Correctional Institution (FCI) Bastrop, Texas? Please explain in detail.
- The Defendants answer: I **was not involved in the selection process.**

The Defendant was asked: was Mr. Terry considered for the position of Correctional Officer vacancy announcement number BAS-2017-0017? Please explain.
- The Defendants answer: I **was not involved in the selection process.**

The Defendant was asked: did you participate in vouchering/reference checking Mr. Terry for the Correctional Officer position vacancy announcement number BAS-2017-0017? If yes, please describe in detail the information you received/provided and state the name and position title of the person you spoke with about Mr. Terry.

- The Defendant's answer:  No

2

Did you recommend Mr. Terry for selection for the Correctional Officer position vacancy announcement number BAS-2017-0017? Please explain in detail.

- The Defendant's answer: **I was not involved in the selection process.**

The Defendant was asked: Q46. Please state the name of the selectee for the Correctional Officer position vacancy announcement number BAS-2017-0017 and describe in detail your knowledge regarding why the selectee was chosen for the position in lieu of Mr. Terry.

- The Defendant's answer: **I was not involved in the selection process.**

The Defendant was asked: Was Mr. Terry's race a factor in the selection process for the Correctional Officer position vacancy announcement number BAS-2017-0017? Please explain.

- The Defendant's answer: **I was not involved in the selection process**

Shawn Tabar (Pacific Islander) said that he had been a Lieutenant at FDC Honolulu since 2013. Lt. Tabar said that he was complainant's "immediate supervisor assigned to various shifts." Tabar said that he knew of complainant's race and sex, but was unaware of his EEO activity. At some point, Tabar said, he answered a call for Cpt. Dixon from a male "Captain from another institution" whose name he could not recall. Dixon was not at work at the time, Tabar said, so he "took a message and relayed it" to Dixon. In his short conversation with the

unnamed Captain, Tabar said, the Captain asked him "what kind of Officer [complainant] was," and he replied that he "really couldn't answer … because [complainant] was not assigned to [his] shift."  Tabar said that he told the Captain that, "as far as" he knew, complainant "was a good officer[,] but that he should speak" to Cpt. Dixon.  Tabar said that, while he could not recall his exact words to the unnamed Captain, he was sure "that [his] comments were positive" and "favorable," and that he "didn't make any comments which would be considered negative." Tabar denied that he participated in a reference check for complainant during this call or that he made any recommendations to the unnamed Captain.  Tabar was not questioned about the fact that he was listed on the reference check for vacancy BAS-2017-0017 as the person who provided the information upon which the reference check was based.  Tabar denied that he and the unnamed Captain discussed race, sex, or EEO activity.  Ex. 18.

(The reasoning behind a proposed 250,000-million-dollar litigation)

## B. Injuries

-Defendant caused personal damage against the Plaintiff's personal reputation as a Federal Corrections Officer, a loss in yearly pay (from 45,000 in FDC, Honolulu to 50,000 in Texas; over a four period), a reduced cost of living and duress.

## C. <u>Remedies to a litigation</u>

- The Plaintiff is requesting for $250,000 dollar in compensation and punitive damages for slander, lying to an investigator and discriminative behavior

- The Plaintiff is petitioning for Lt. Tabar to be demoted to GL-8 Officer for his actions in discrimination.

## D. AUTHORITY

-In reference to the case of Osiris C. Terry vs the DOJ there are no legal outstanding liens between the two parties.

## E. NEGOTIATIONS

- If negotiations aren't able to be settled at this point. Then I'm requesting for another concession leading to a productive liberation from the two parties. If the two parties aren't able to partake in a legal mutual agreement then a pretrial date is set for the mandatory jurisdiction.

## F. Closing

VI. Certification and Closing Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. In the case of Osiris C. Terry v Federal Bureau of Prison (1:21-cv-00701-RP), the courts upheld that the individual who coerced discriminative behavior were liable vs the entity of the Federal Bureau of Prison. Therefore, the Plaintiff is petitioning for a Biven lawsuit against the Defendant, Shawn Tabar. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983

The Supreme Court upheld Bivens claim in 1979 Davis v. Passman and in Carlson v. Green 1980

-Bivens Act

5

"A Bivens claim is a special type of 'implied cause of action' that was created by the Supreme Court, in the Bivens case, to allow private individuals to sue Federal employees for constitutional violations when no statute has authorized such. It's a civil rights lawsuit for monetary damages against federal officials.

"The Larson Court describes an example of a government agent acting ultra vires by violating the command of the constitution or as a constitutional exception to the doctrine of sovereign immunity. If, however, a government official instead was acting within the scope of his or her general authority and the claim was that he or she abused discretion, reached an arbitrary and capricious decision, or made a procedural error-----The Larson rule treated any suite as one challenging the action of the government itself and thus as barred by sovereign immunity"

I've acquired a "right to sue" letter from an EEOC which dictates that under the laws of Title 7. My constitutional rights were violated as a citizen and as an employee of the DOJ and the Federal Bureau of Prison.

So the Tort actions, that I'm petitioning, is negligence under the act of failure to act toward another when a duty was owed to the other person, the act or failure to act was the direct cause of injury to the other person and injury resulted in measurable financial, physical, and emotional damages to my reputation. The Defendant owed a duty to the plaintiff to refrain from the conduct that would cause injury, and by failing to exercise care according to a reasonable standard, the actor breached his duty of service.

The second tort of my ligation would follow suite to an intentional tort under the intent to cause severe emotional distress, and defamation to my character under the guidance of the third defense, eleventh defense, thirteenth defense, eighteenth defense, nineteenth defense, twenty-first defense, and twenty-sixth defense.

## -2.5.D. Federal Tort Claims Act

"FTCA bars any claim that is based upon the exercise or performance, or the failure to exercise or perform, a discretionary function or duty on the part of a federal agency or an employee of the government -- even if the specific decision is alleged to be an abuse of that discretion."

"Under the FTCA, federal district courts may entertain tort claims for damages against the United States based on the actions of government employees in cases in which the United States has not abrogated its sovereign immunity under the Tucker Act. The FTCA's consent to be sued and waiver of sovereign immunity apply only to cases in which "a private person" would be liable."

·The FTCA is intended to provide monetary compensation for injury, property loss, or death caused by the negligent or wrongful act or omission of any employee of the Government."

-"Under Administrative procedure act: judicial review shall be afforded to "any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute."

## -Section 1331

"Is the principal basis of federal jurisdiction in litigation against the federal government and its agencies for injunctive relief. Individual employees of the federal government are subject to suit for damages for acts in violation of plaintiffs' federal constitutional rights."

## - The Tucker Act

-I'open this case up under the Administrative Procedures act and filing for compensations under the Tucker Act and the FTCA (Which falls within the exclusive jurisdiction of the United States Court of Federal Claim)

- "Hafer v. Melo, 502 U.S. 21 (1991)-Supreme Court held that state officials acting outside the color of law may be held personally liable for the injuries

or torts which reject any sovereign immunity under the law of the constitution."

- "-<u>42 U.S.C. §1983 Civil Action for Deprivation of Rights</u> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

/s/Osiris C. Terry

Osiris C. Terry